IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VENICE PI, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2244 |
| | § | |
| | § | |
| DOES 1–16, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING LEAVE TO SERVE THIRD-PARTY
SUBPOENA BEFORE RULE 26(f) CONFERENCE**

In this copyright infringement case, Venice PI, LLC has filed an *ex parte* motion for leave to serve a third-party subpoena before the Rule 26(f) conference.[1] (Docket Entry No. 4). Venice PI seeks expedited limited discovery from an internet service provider to obtain identifying information for Does 1–16 in this case. Based on the motion and the evidence, the court grants the motion for leave to serve the subpoena.

A plaintiff must show good cause to obtain an order identifying the accounts associated with internet protocol addresses. This requires: "(1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) [consideration of] the user's expectation of privacy." *Well Go USA, Inc., v. Unknown Participants*, 2012 WL 4387420 at *1 (S.D. Tex. 2012) (citing *Arista*

---

[1] Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the court orders otherwise.

*Records, LLC v. Doe 3*, 604 F.3d 110, 114 (2d Cir. 2010)).

Venice PI asserts that Maverickeye UG—an internet-monitoring company—detected distribution of Venice PI's copyrighted work "Once Upon a Time in Venice" by the defendants' IP addresses, infringing Venice PI's copyright. (Docket Entry No. 4; Docket Entry No. 1, Ex. 2). Venice PI has been able to identify the defendants only by their IP addresses. (Docket Entry No. 1). Venice PI wants to subpoena AT&T Internet Services, the defendants' internet service provider, to get enough information to identify the defendants by name and address. Venice PI has shown good cause to serve a Rule 45 subpoena on AT&T Internet Services. *See Davis v. Duncan Energy Partners L.P.*, 801 F.Supp.2d 589, 596 (S.D. Tex. 2011).

Venice PI's *ex parte* motion, (Docket Entry No. 4), is granted to the following extent and with the following conditions and limits:

(1) In accordance with the Federal Rule of Civil Procedure 45, Venice PI may serve the requested subpoena on AT&T Internet Services for the names and current address concerning the defendants identified by the following IP addresses:

> 99.71.152.113
> 99.7.196.46
> 104.14.190.174
> 99.130.112.161
> 107.199.51.54
> 69.155.109.26
> 104.48.181.223
> 162.239.218.33
> 108.73.181.117
> 162.230.172.10
> 162.230.173.71
> 108.222.244.77
> 45.25.26.13
> 45.23.129.5
> 45.19.56.161
> 70.255.178.150

No telephone numbers are to be produced.

(2) In addition to serving the subpoena, Venice PI must serve AT&T Internet Services with a copy of its motion, exhibits, and this order.

(3) AT&T Internet Services must comply with the subpoena by serving the defendants with copies of the subpoena and this order within 30 days after receiving the subpoena from Venice PI. AT&T Internet Services may use reasonable means of service, including written notice sent to the last known address using either first-class mail or overnight service.

(4) Within 30 days after receiving a copy of the subpoena and this order, the defendants may file any motion with this court to quash the subpoena or to proceed anonymously. AT&T Internet Services may not turn over the defendants' identifying information to Venice PI until this 30-day period expires. If a defendant files a motion to quash or modify the subpoena, AT&T Internet Services may not turn over any identifying information to Venice PI until this court rules on the defendants' motion. If a defendant moves to quash or proceed anonymously, he or she must immediately notify AT&T Internet Services so that AT&T Internet Services is on notice not to release that defendant's information until the court rules on such motions.

(5) If the 30-day period lapses without a defendant contesting the subpoena, AT&T Internet Services will have 14 days to produce the subpoenaed information to Venice PI.

(6) Venice PI must serve each defendant with copies of all materials and information

obtained about him or her.

(7) Any information disclosed to Venice PI in response to the subpoena may be used by Venice PI solely for the purpose of protecting its rights as set forth in its complaint.

(8) Upon receipt of the subpoena, AT&T Internet Services must preserve all subpoenaed information pending the resolution of any timely filed motion to quash.

(9) Venice PI must reimburse AT&T Internet Services for reasonable costs incurred in producing the requested information if AT&T Internet Services provides Venice PI with a detailed invoice setting out the work performed.

SIGNED on August 23, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge